(V.D. 106)

O. Zernickow Co.
R. J. Saunders & Co., Inc., et al. } v. United States

Entry No. 786117, etc.

(Decided November 16, 1959)

*Strauss & Hedges* for the plaintiffs.

*George Cochran Doub,* Assistant Attorney General, for the defendant.

Lawrence, Judge: The cases enumerated in schedule A, attached to and made part of this decision, are before the court on remand from a classification proceeding decided by the second division of this court in *Herman H. Sticht & Co., Inc., et al.* v. *United States,* 39 Cust. Ct. 342, Abstract 60979, wherein the matters were remanded to a single judge sitting in reappraisement pursuant to provisions of title 28 U.S.C. section 2636 (d).

By stipulation of the parties to these proceedings, it has been agreed that the market value or the price of the instruments and cases herein, at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was as set forth in schedule B, attached to and made part of the judgment herein. It was further stipulated and agreed that there was no higher foreign value for such or similar merchandise.

Upon the agreed facts, I find that export value, as that value is defined in section 402 (d) of the Tariff Act of 1930 (19 U.S.C. § 1402 (d)), is the proper basis for determining the value of the tachometers, speed indicators, and cases therefor covered by the remand of protests in issue and that such value is as indicated in schedule B referred to, *supra.*

I further find such values to be the proper dutiable values of said merchandise.

Judgment will issue accordingly.